**Application of GENERAL MOTORS CORPORATION to Quash Grand Jury Subpoena Duces Tecum Issued April 18, 1961.**

United States District Court
S. D. New York.

Aug. 1, 1961.

Cravath, Swaine & Moore, New York City, for General Motors Corp. Aloysius F. Power, Detroit, Mich., Allen F. Maulsby, John W. Barnum, New York City, of counsel.

John J. Galgay, Sanford M. Litvack, George D. Reycraft, Attys., Dept. of Justice, Antitrust Division.

FREDERICK van PELT BRYAN, District Judge.

This is a motion to quash a Grand Jury subpoena duces tecum addressed to and served upon the applicant upon the grounds that "compelled compliance therewith would constitute an unreasonable search and seizure contrary to the Fourth Amendment to the Constitution of the United States and a violation of due process of law contrary to the Fifth Amendment."

It is apparent from the argument of the motion and from the papers submitted that the Government now is prepared markedly to modify the terms of the subpoena which was served.

The modifications which the Government indicates it will accept are very substantial and seem to satisfy a number of the objections raised by the applicant. The Government states that it is ready to eliminate various demands which the applicant claims are unduly burdensome and to "interpret" other language in the subpoena so as to apply only to a limited number of specific documents. However, the precise limitations which the Government seeks to place on the demands made in the subpoena are by no means clear.

The subpoena should be rewritten so as to identify with reasonable precision the papers and documents which the Government now desires so that the applicant may have an opportunity to determine whether it has any objections to the remaining demands and whether it still claims that its constitutional rights will be violated by compliance.

It should be noted that in redrawing the subpoena the clarifications to be made by the Government should include, among other things, the following:

If the Government wants appropriation requests "submitted" to the Financial Policy Committee of the Board of Directors by specific General Motors divisions, there is no reason why it should not say so in so many words. The use of such words as "prepared" leads only to confusion. If it requires annual income and profit and loss statements and balance sheets "with the exhibits annexed thereto", it should so specify, instead of using such confusing terms as "supporting financial reports" or "including supporting documents". The same comments apply to financial forecasts and budget reports. If it requires such reports on an annual basis this should be specified. If "price studies" with exhibits attached submitted to a specific price review group or committee, are required, the subpoena should so state. If the term "motor vehicles" is meant to exclude buses and earth moving equipment, and perhaps other vehicles operating under their own power, the term should be sufficiently defined to show what is included and excluded. If data relating to motor vehicle parts and accessories is no longer required this should be eliminated. If the only reports desired are those of specific divisions, the divisions should be stated. If copies are desired where originals are not available, the subpoena should so specify.

It is only when clarification of this nature has been made that clear cut issues will emerge as to whether the applicant has any valid objections to pro-

ducing what the Government is presently calling for. Indeed, it may be that the applicant will raise no objections in view of the relatively light burden which may then be placed upon it or that agreement can be reached on the material to be produced.

The motion to quash the subpoena as initially issued is granted without prejudice to the service of a new subpoena specifying with reasonable precision the items which the Government now wants.

It is so ordered.